

Attorneys at Law

Melissa L. Jampol
t  212.351.4760
f  212.878.8600
MJampol@ebglaw.com

Granted.
Dated: August 15, 2024
SO ORDERED.

LEWIS J. LIMAN
United States District Judge

August 14, 2024

<u>VIA ECF</u>

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl St. Room 15C
New York, NY 10007

      Re: <u>*United States of America et al. v. LabQ Clinical Diagnostics LLC et al.,* Civil Action No. 1:22-cv-10313; 1:22-cv-00751</u>

Dear Judge Liman:

      Defendants LabQ LLC, Dart Medical Laboratory, Community Mobile Testing, Inc., and Moshe Landau (collectively "Defendants") respectfully submit this joint letter, pursuant to Your Honor's Individual Practices in Civil Cases 2(H) and Attachment A, along with Fed. R. Civ. P. 5.2, for approval to maintain under seal and/or redact a limited number of documents attached as exhibits to the United States' declarations in support of the United States' Application for Writs of Garnishment and Writs of Attachment.

      In connection with the United States' Application for Writs of Garnishment and Writs of Attachment, (ECF 31), the United States filed several declarations (ECF 32 – 41). Pursuant to the United States' Letter Motion to Seal, (ECF 30), the United States filed numerous exhibits to the declarations under seal or with redactions made and also subsequently filed public versions of the affidavits and exhibits containing exhibits either not sealed or otherwise redacted (*see, e.g.*, ECF 32 – 33). The United States' Letter Motion to Seal requested that such documents only be filed under seal for two weeks so that the parties could meet and confer on whether Defendants would claim that any information should remain under seal. The United States requested an additional week to meet and confer, which this Court granted. (ECF 93 – 94).

      Defendants have reviewed the documents under seal and have conferred with the United States last week and via email today. Defendants respectfully request that the Court enter an Order (i) maintaining certain documents under seal; and (ii) certain documents as redacted as described

The Honorable Lewis J. Liman
August 14, 2024
Page 2

more fully below via category. *See also* Attachment A, which includes a list of all documents currently under seal.

Sealing of confidential information is authorized by federal law. Although there is a presumption of public access to judicial documents, "[d]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F. 3d 110, 120 (2d Cir. 2006) (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). In considering requests for the sealing of documents, courts "balanc[e] the value of public disclosure and 'countervailing factors' such as … the privacy interests of those resisting disclosure." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 143 (2d Cir. 2016) (citing *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (*Amodeo II*)).

**Basis for Request to Keep Patient Records Under Seal or Redacted.**

The Defendants request that the Court continue to keep the following documents with patient information under seal:

<u>Declaration of Lu Tszyan-Dai</u>:
Exhibit 16 (ECF 32-17)[1] - Attachment to Email Regarding New Jersey School District;
Exhibit 21 (32-22) - Attachment Regarding Testing at Schools in September 2021.

As the Government noted in its Letter Motion to Seal, (30), courts have repeatedly concluded that "parties have a strong privacy interest in their medical information." *Spring v. Allegany-Limestone Central School Dist.,* No. 14 Civ. 476S (WMS), 2021 WL 4166628, at *1 (W.D.N.Y. Sept. 14, 2021) (collecting cases). This privacy interest "outweighs" the presumption in favor of public access to court records. *See, e.g., California Spine and Neurosurgery Inst. v. UnitedHealthcare Co.,* No. 19 Civ. 2417 (LHK), 2021 WL 1146216, at *3 (N.D. Cal. Feb. 12, 2021) (collecting cases). Exhibits 16 and 21 under seal consist almost entirely of the names and contact information of individuals who received COVID-19 testing by LabQ. For this reason, redaction and unsealing of these documents would be impractical, as the entire document would have to be heavily redacted without anything substantive remaining. Defendants further request that personal health information, including names and contact information of LabQ patients be redacted from Exhibits 23 (32-24), 24 (32-25), and 26 (32-27). It is Defendants' understanding that the United States agrees to keeping Exhibits 16 (32-17) and 21 (32-22) under seal and the redactions in Exhibits 23 (32-24), 24 (32-25), and 26 (32-27).

---

[1] Defendants list the titles of the exhibits as well as the ECF designation here because the exhibit names listed in the docket entry sealing documents under Declaration of Lu Tszyan-Dai (ECF 32) do not correspond to the labeling within the document filed. This is because the United States lists "Exhibit 2" twice in the docket entry for ECF 32. Pursuant to this Court's Individual Practices, the documents requested to be kept under seal or redacted will be filed under seal related to this letter-motion.

The Honorable Lewis J. Liman
August 14, 2024
Page 3

**Basis for Request to Redact Confidential Banking Information.**

Defendants have a strong interest in maintaining the confidentiality of bank account information, including check numbers, account numbers, and routing numbers. Therefore, Defendants request that the following documents be redacted:

Declaration of Paul Miccarelli (ECF 34)
    Exhibit 2 (34-2) - LabQ MCB Account Record
    Exhibit 4 (34-4) - LabQ MCB Account Record
    Exhibit 6 (34-6) - Dart Medical MCB Account Record
    Exhibit 7 (34-7) - CMT MCB Account Record
    Exhibit 8 (34-8) - Landau Flagstar Signature Account Record
    Exhibit 10 (34-10) - Dart Medical Account Record
    Exhibit 12 (34-12) - Landau TD Bank Record
    Exhibit 13 (34-13) - Landau TD Bank Record

Redacting check numbers, account numbers, and routing numbers is warranted to protect Defendants and unrelated third parties from commercial harm and preserve the strong privacy interests in these documents. *See United States v. Akhavan,* 532 F. Supp. 3d 181, 188 (S.D.N.Y. 2021) (ordering bank records to be redacted because "the interest of the affected individuals and entities in preventing public access to their sensitive personally identifying information and bank records outweighed the especially strong common law presumption of access, and… redaction of such information was essential to preserve higher values and was narrowly tailored to serve those interests.") (internal quotation omitted).

Defendants request that the redactions already made to Exhibits 1 (34-1), 5 (34-5), 9 (34-9) and 11 (34-11) of the Declaration of Paul Miccarelli remain redacted, as they protect sensitive personal information such as social security numbers and account numbers.

Finally, paragraph 4 of the Declaration of Karen Lowe (36) contains a Tax Identification Number, which is redacted in the public version (37). The unredacted version should remain under seal, as it is unique and sensitive identifying information for the business. *See* Fed. R. Civ. P. 5.2.

For the reasons set forth above, Defendants respectfully request that the Court enter an order redacting these exhibits and/or maintaining the existing redactions.

**Basis for Request to Redact Personal Information Before Unsealing Exhibits.**

Defendants request that the remaining exhibits initially filed by the United States be unsealed, but with the personal contact information set forth in these documents redacted. Unsealing the documents serves to secure public access to the judicial system by granting access to the content of the exhibits, while redacting cell phone numbers, personal home addresses, names and contact information of third parties, and the email addresses and phone numbers of LabQ employees not named as defendants to the case guarantees the personal privacy of those individuals. The redaction of information related to third parties is important, as they may not be

The Honorable Lewis J. Liman
August 14, 2024
Page 4

aware of their involvement in the facts of the case and are not in a position to protect their information for themselves. The Defendants request that the Court redact the following documents:

<u>Declaration of Paul Miccarelli</u>
    Exhibit 9 (34-9) – Landau Flagstar Signature Account Record
    Exhibit 10 (34-10) - Dart Medical Account Record
    Exhibit 11 (34-11) – Dart Medical Flagstar Signature Account Record
    Exhibit 12 (34-12) - Landau TD Bank Record
    Exhibit 13 (34-13) - Landau TD Bank Record

<u>Declaration of Lu Tszyan-Dai</u>
    Exhibit 1 (32-1) – LabQ Email re HRSA "Take-Back"
    Exhibit 7 (32-8) - March 2022 Email from Landau regarding Billing HRSA and Insurance
    Exhibit 11 (32-12) - October 2021 Email From Pharmacy Owner
    Exhibit 12 (32-13) - Report of HRSA and Private Insurance Billing (2020)
    Exhibit 13 (32-14) - Report of HRSA and Private Insurance Billing (2021)
    Exhibit 14 (32-15) - May 2022 HRSA Billing Email
    Exhibit 15 (32-16) - Email Regarding New Jersey School District
    Exhibit 17 (32-18) - Report on Uninsured Rate for Referral Clients
    Exhibit 18 (32-19) - March 2022 Email Regarding Starting to Ask For Insurance
    Exhibit 19 (32-20)- April 2022 Email Regarding Now Requiring Insurance
    Exhibit 20 (32-21) - Email Regarding Testing at Schools in September 2021
    Exhibit 22 (32-23) - November 2021 Email Regarding Private Clients
    Exhibit 25 (32-26) - Policy on Billing HRSA For Claims Denied By Insurance (2020)
    Exhibit 26 (32-27) – Policy on Billing HRSA For Claims Denied By Insurance (2021)
    Exhibit 27 (32-28) - Billing HRSA First, Then Later to Insurance
    Exhibit 28 (32-29) - July 2022 Emails Regarding Claims Billed to HRSA
    Exhibit 29 (32-30) - January 2020 email from LabQ employees to Landau
    Exhibit 30 (32-31) - June 2022 Email From Landau re Cutting Payrolls
    Exhibit 37 (32-38) – December 2020 re HRSA Reversals of Payments

<u>Declaration of Steve Kamalic (ECF 38)</u>
    Exhibit 1 (38-1) - Kamalic Landau Messages
    Exhibit 2 (38-2) - Kamalic LabQ Email Exchange

****

We thank the Court for its time and attention to this matter and remain available should Your Honor require additional information.

The Honorable Lewis J. Liman
August 14, 2024
Page 5

                Respectfully Submitted,

                **EPSTEIN BECKER & GREEN, P.C.**

                */s/ Melissa L. Jampol*
                *Melissa L. Jampol*
                *Elena M. Quattrone*
                875 Third Avenue
                New York, NY 10022
                Telephone: (212) 351-4500
                mjampol@ebglaw.com
                equattrone@ebglaw.com

                *Carrie Valiant*
                1227 25th Street NW, Suite 700 |
                Washington, DC 20037
                Telephone: (202) 861-0900
                cvaliant@ebglaw.com

                *Attorneys for Community Mobile Testing*

                **DECHERT LLP**

                */s/ Andrew J. Levander*
                Andrew J. Levander
                Jonathan R. Streeter
                Vishan J. Patel
                Three Bryant Park
                1095 Avenue of the Americas
                New York, NY 10036
                Telephone: (212) 698-3500
                Facsimile: (212) 698-3599
                *andrew.levander@dechert.com*
                *jonathan.streeter@dechert.com*
                *vishan.patel@dechert.com*

                D. Brett Kohlhofer
                *1900 K Street, NW*
                *Washington, D.C. 20006*
                *Tel.: (202) 261-3300*
                *Fax:  (202) 261-3333*
                *d.brett.kohlhofer@dechert.com*

The Honorable Lewis J. Liman
August 14, 2024
Page 6

*Attorneys for Defendants LabQ and Dart Medical Laboratory*

**ABELL ESKEW LANDAU LLP**

*/s/ David M. Eskew*
David M. Eskew
Scott R. Landau
Scott Glicksman
256 Fifth Avenue, 5th Floor
New York, NY 10001
Telephone: (646) 970-7340
deskew@aellaw.com
slandau@aellaw.com
sglicksman@aellaw.com

*Attorneys for Moshe Landau*

Enclosures
(Redacted copies of Exhibit 1 and 2 to Declaration of Steve Kamalic; Exhibits 1, 7, 11, 12, 13, 14, 15, 17, 18, 19, 20, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 37 to Declaration of Lu Tszyan-Dai; Exhibits 2, 4, 6, 7, 8, 9, 10, 11, 12, 13 to Declaration of Paul Miccarelli)


CC:     All counsel of record via ECF

The Honorable Lewis J. Liman
August 14, 2024
Page 7

# ATTACHMENT A

## Documents Currently Under Seal

### Declaration of Lu Tsyan-Dai (32)

Exhibit 1 (32-1) – LabQ Email re HRSA "Take-Back"
Exhibit 6 (32-7) - LabQ Organization Chart
Exhibit 7 (32-8) - March 2022 Email from Landau regarding Billing HRSA and Insurance
Exhibit 8 (32-9) - LabQ Income By Customer - Year 2020
Exhibit 9 (32-10)- LabQ Income By Customer - Year 2021
Exhibit 10 (32-11) - Private Client Testing Agreement
Exhibit 11 (32-12) - October 2021 Email From Pharmacy Owner
Exhibit 12 (32-13) - Report of HRSA and Private Insurance Billing (2020)
Exhibit 13 (32-14) – Report of HRSA and Private Insurance Billing (2021)
Exhibit 14 (32-15) - May 2022 HRSA Billing Email
Exhibit 15 (32-16) - Email Regarding New Jersey School District
Exhibit 16 (32-17) - Attachment to Email Regarding New Jersey School District
Exhibit 17 (32-18) - Report on Uninsured Rate for Referral Clients
Exhibit 18 (32-19)- March 2022 Email Regarding Starting to Ask For Insurance
Exhibit 19 (32-20) - April 2022 Email Regarding Now Requiring Insurance
Exhibit 20 (32-21) - Email Regarding Testing at Schools in September 2021
Exhibit 21 (32-22) - Attachment Regarding Testing at Schools in September 2021
Exhibit 22 (32-23) - November 2021 Email Regarding Private Clients
Exhibit 23 (32-24) - Invoice to Singapore Mission
Exhibit 24 (32-25) - Patient Example Insurance Information Provided –
Exhibit 25 (32-26)- Policy on Billing HRSA For Claims Denied By Insurance (2020)
Exhibit 26 (32-27) - Policy on Billing HRSA For Claims Denied By Insurance (2021)
Exhibit 27 (32-28) - Billing HRSA First, Then Later to Insurance
Exhibit 28 (32-29) - July 2022 Emails Regarding Claims Billed to HRSA
Exhibit 29 (32-30) - January 2020 email from LabQ employees to Landau
Exhibit 30 (32-31) - June 2022 Email From Landau re Cutting Payrolls
Exhibit 37 (32-38) – December 2020 re HRSA Reversals of Payments

### Declaration of Paul Miccarelli (34)

Exhibit 1 (34-1) - LabQ MCB Account Record
Exhibit 2 (34-2) - LabQ MCB Account Record
Exhibit 3 (34-3) - LabQ MCB Account Record
Exhibit 4 (34-4) - LabQ MCB Account Record
Exhibit 5 (34-5) - Dart Medical MCB Account Record
Exhibit 6 (34-6) - Dart Medical MCB Account Record
Exhibit 7 (34-7) - CMT MCB Account Record

The Honorable Lewis J. Liman
August 14, 2024
Page 8

    Exhibit 8 (34-8) - Landau Flagstar Signature Account Record
    Exhibit 9 (34-9) - Landau Flagstar Signature Account Record
    Exhibit 10 (34-10) - Dart Medical Account Record
    Exhibit 11 (34-11) Dart Medical Flagstar Signature Account Record
    Exhibit 12 (34-12) - Landau TD Bank Record
    Exhibit 13 (34-13) - Landau TD Bank Record

<u>Declaration of Karen Lowe (36)</u>

Redacted TIN in Paragraph 4

<u>Declaration of Steve Kamalic (38)</u>

Exhibit 1 (38-1) - Kamalic Landau Messages
Exhibit 2 (38-2)- Kamalic LabQ Email Exchange