**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* RESOLUTE3 LLC, <br><br> Plaintiff, <br><br> v. <br><br> LABQ CLINICAL DIAGNOSTICS, LLC, *et al.*, <br><br> Defendants. | 22 Civ. 751 (LJL) |
| UNITED STATES OF AMERICA *et al.*, *ex rel.* NJ CHALLENGER LLC, <br><br> Plaintiffs, <br><br> v. <br><br> LABQ CLINICAL DIAGNOSTICS LLC, *et al.*, <br><br> Defendants. | 22 Civ. 10313 (LJL) |
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> LABQ CLINICAL DIAGNOSTICS, LLC; COMMUNITY MOBILE TESTING, INC.; DART MEDICAL LABORATORY, INC.; and MOSHE LANDAU, <br><br> Defendants. | 22 Civ. 751 (LJL) <br> 22 Civ. 10313 (LJL) <br><br> **PROTECTIVE ORDER** |

LEWIS J. LIMAN, United States District Judge:

WHEREAS all of the parties to these consolidated actions (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material

that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of these consolidated actions (the "Action");

WHEREAS, the Parties also jointly request that the Court enter an order for the purposes of facilitating the disclosure of information that may otherwise be prohibited from disclosure under the Privacy Act or the Health Insurance Portability and Accountability Act of 1996 ("HIPAA");

IT IS HEREBY ORDERED that, pursuant to 5 U.S.C. § 552a(b)(12), this Protective Order constitutes authorization for all productions of information (and filing of information with the Court) by the United States that otherwise would be prohibited from disclosure under the Privacy Act without presenting Privacy Act objections to this Court for a decision regarding disclosure for the entirety of the Action. To the extent the Privacy Act allows the disclosure of information pursuant to a court order, this Protective Order constitutes such a court order and is authorization for the disclosure of that information. Nothing in this paragraph, however, shall require production of information that is prohibited from disclosure (even with the entry of this Protective Order) by other applicable privileges, statutes, regulations, or authorities;

IT IS HEREBY ORDERED that this Protective Order authorizes the disclosure of information protected by HIPAA, as amended by the Health Information Technology for Economic and Clinical Health Act ("HITECH Act"), including all applicable regulations and guidance issued by the Secretary of the United States Department of Health and Human Services (collectively "HIPAA Rules"), including specifically 42 C.F.R. Part 2 and 45 C.F.R. §§ 164.512(e)(1)(ii)(B), 164.512(e)(1)(v), as well as all state laws and regulations regarding the privacy and security of personal information (collectively with the HIPAA Rules, "Privacy and Security Rules"). It is the intent of the Parties that this Protective Order be deemed a Qualified Protective Order, as that term is defined in the Privacy and Security Rules;

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this Action, their representatives, agents, experts and consultants, all third parties providing discovery in this Action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1.      Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.      The person producing any given Discovery Material may designate as Confidential only such portion of such material the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party that possesses privacy interests in the information or to whom a duty of confidentiality is owed and that consists of:

(a)      previously nondisclosed financial information (including without limitation banking records, Employee Identification Numbers, Tax Identification Numbers, profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b)      previously nondisclosed material relating to ownership or control of any non-public company;

(c)      previously nondisclosed business plans, product development information, or marketing plans and strategies;

(d)      non-public sensitive commercial information relating to any party's business including, but not limited to:  business and marketing plans and strategies, tax data, proposed strategic transactions or other business combinations, internal audit practices, , trade secrets, studies or analyses by internal or outside experts, customer or prospective customer lists and information (including information that is proprietary to a customer and/or covered by non-disclosure or confidentiality agreements with the customer or prospective customer), product or service pricing or billing agreements or guidelines, damages-related information (e.g., sale volumes, revenues, costs, and profitability), licenses and licensing documentation, and/or non-public settlement agreements or settlement communications;

(e)      any information of a personal or intimate nature regarding any individual, including an individual's medical information, an individual's insurance information, information relating to an individual's enrollment in any health insurance program (or any data relating to such information), or information relating to an individual's enrollment in any health care program (or any data relating to such information); any individual's Social Security Number, any state identification card or driver's license card; and contact information (including phone number, email address, and mailing address) of any third party not named as a defendant to this suit;

(f)      Non-public sensitive Government information including, but not limited to, any techniques or methods used by a federal agency to identify overpayments; or

(g)      any other category of information hereinafter given confidential status by the Court.

3.      With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Designated Confidential Pursuant to Protective Order" the document containing Confidential Discovery Material, with the parties to follow Rule 2(H) of this Court's Individual Practices in Civil Cases with respect to the filing of any information under seal.

4.      With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Designated Confidential Pursuant to Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

5.      If at any time prior to the trial of this Action, a producing person realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as Confidential, she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as Confidential under the terms of this Protective Order.

6.      Disputes concerning the designation of Confidential Discovery Material shall be handled as follows: counsel for the party challenging the propriety of a designation of Confidential Discovery Material shall explain, in writing, to counsel for the producing party the specific nature of the party's challenge to the designation of a specific document or portion of testimony as Confidential Discovery Material. The challenging party and the producing party shall meet and confer and make a good faith effort to resolve the dispute. In the event that these parties are unable to resolve the dispute, the producing party may apply to the Court for a determination as to whether it appropriately designated the Discovery Material at issue as Confidential. The producing party bears the burden of persuading the Court that the Discovery Material at issue is in fact Confidential within the definition of that term set forth above. If the producing party files such an application with the Court, the Discovery Material at issue will be treated as Confidential until the Court has rendered its determination.

7.      No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a)      the Parties to this Action (which includes all agencies, departments, or offices of the United States), their insurers, counsel to their insurers, the relators in this Action, and counsel to the relators;

(b)    counsel retained specifically for this Action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c)    outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d)    any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)    any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g)    any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h)    stenographers engaged to transcribe depositions conducted in this Action;

(i)    any person retained by a Party to serve on a "mock jury" or in a similar position, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and

(j)    this Court, including any appellate court, and the court reporters and support personnel for the same.

8.    Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(d), 6(f) 6(g), or 6(i) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9.    Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 1(C) of this Court's Individual Practices in Civil Cases.

10.    Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon

counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 1(C) of this Court's Individual Practices in Civil Cases.

11.    A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within five business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

12.    Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this Action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this Action. Nothing in this Protective Order prevents or in any way limits the right or duty of the United States to disclose to any agency or department of the United States or any State, or any division of any such agency or department, any Confidential Discovery material relating to a potential violation of law or regulation, or relating to any matter within that agency's or department's jurisdiction, nor shall anything contained in this Order prevent or in any way limit the use of any such Confidential Discovery Material by any such agency or department in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's or department's jurisdiction. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

13.    Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

14.    Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to provide Confidential Discovery Material to the United States Congress pursuant to a congressional request; provided, however, that the United States shall notify the congressional entity requesting Confidential Discovery Material that the Confidential Discovery Material was produced pursuant to this Protective Order and the United States will, if there are no objections interposed by the congressional entity requesting the Congressional Discovery Material, use reasonable efforts to notify the producing party of the congressional entity's request and the United States' response thereto in advance of providing the

Confidential Discovery Material.

15.     Nothing contained in this Protective Order shall prevent the United States from producing Confidential Discovery Material to the extent required by the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. In the event that the United States determines that Protected Information is required to be produced under FOIA, the United States shall provide the producing party with written notifications at least fourteen days prior to the production of such Protected Information.

16.     Inadvertent disclosure of information or documents subject to a claim of privilege or work product protection shall be governed by Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502, as modified by paragraphs 17 and 18 below.

17.     The production or disclosure of any Discovery Material (including documents) that a Party or non-party later claims should not have been produced due to a privilege or protection from discovery—including, but not limited to, any attorney client privilege, work product protection, common interest or joint defense privilege, Quality Assurance, or peer review privilege, settlement negotiation privilege, or deliberative process privilege[1] ---shall not constitute a waiver of, or estoppel as to, any such privilege or protection, regardless of whether reasonable steps were taken to prevent such inadvertent disclosure. A producing party may request the return or destruction of such information, which request shall identify the information and the basis for requesting its return, and the timeliness of such a request will be governed by the later of Federal Rule of Evidence 502(b) or 14 days from the actual discovery. If a Party receives information that it believes may be subject to a claim of privilege or protection from discovery, the receiving party shall promptly identify the information to the Producing Party.

18.     When a Party identifies privileged or protected information that was inadvertently disclosed, the receiving party: (1) shall not use, and shall immediately cease any prior use of, such information; (2) shall take reasonable steps to retrieve the information from others to whom the party disclosed the information; (3) shall, within five (5) business days of the producing party's request, return to the producing party or destroy the information and destroy all copies thereof; and (4) shall confirm to the producing party the destruction, under (3) above, of all copies of the information not returned to the producing party. No Party shall use the fact or circumstances of production of the Discovery Material to argue that any privilege or protection has been waived. Within thirty (30) days after a Party identifies the information, and not after that time period has elapsed, the receiving party may file a motion to compel the production of the inadvertently disclosed information on the basis that: (a) the information was never privileged or protected from disclosure; or (b) any applicable privilege or protection has been waived by some act other than the inadvertent disclosure of the Discovery Material. The Parties shall meet and confer in accordance with applicable law or Court rules regarding any such motion to compel.

19.     All persons seeking to file redacted documents or documents under seal with the Court shall follow Rule 2(H) of this Court's Individual Practices in Civil Cases.  No person may file with the Court redacted documents or documents under seal without first seeking leave to file

---

[1] The listing of these privileges is not intended to limit any applicable privilege and is without prejudice to any party's argument that such privilege is not applicable or should not be recognized, either in general or as applied to specific documents in this case.

such papers. All persons producing Confidential Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Confidential Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Confidential Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

20.     All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

21.     Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

22.     Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

23.     Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall promptly notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

24.     This Protective Order shall survive the termination of the litigation. Within 60 days of the final disposition of this action - including all appeals - all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. For avoidance of doubt, attorneys for the United States may maintain copies of any Confidential Discovery Material in their case files, as well as copies of any notes or summaries containing Confidential Discovery Material, subject to the Federal Records Act, 44 U.S.C. § 3101 *et seq.*

25.     All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: December 16, 2024
       New York, New York

                                    EDWARD Y. KIM
                                    Acting United States Attorney for the
                                    Southern District of New York

                          By:     /s/ Charles S. Jacob
                                    ZACHARY BANNON
                                    LAWRENCE H. FOGELMAN
                                    CHARLES S. JACOB
                                    MOLLIE KORNREICH
                                    DANIELLE J. MARRYSHOW
                                    Assistant United States Attorneys
                                    86 Chambers Street, 3rd Floor
                                    New York, NY 10007
                                    Telephone: (212) 637-2800
                                    Email: zachary.bannon@usdoj.gov
                                           lawrence.fogelman@usdoj.gov
                                           charles.jacob@usdoj.gov
                                           mollie.kornreich@usdoj.gov
                                           danielle.marryshow@usdoj.gov

Dated: December 15, 2024
       New York, New York

By:                                 **DECHERT LLP**

                                    */s/ Andrew J. Levander*
                                    Andrew J. Levander
                                    Jonathan R. Streeter
                                    Vishan J. Patel
                                    Three Bryant Park
                                    1095 Avenue of the Americas
                                    New York, NY 10036
                                    Telephone: (212) 698-3500
                                    Facsimile: (212) 698-3599
                                    andrew.levander@dechert.com
                                    jonathan.streeter@dechert.com
                                    vishan.patel@dechert.com

                                    D. Brett Kohlhofer
                                    1900 K Street, NW
                                    Washington, D.C. 20006
                                    Tel.: (202) 261-3300

Fax:  (202) 261-3333
d.brett.kohlhofer@dechert.com

*Attorneys for Defendants LabQ and Dart*
*Medical Laboratory*


**EPSTEIN BECKER & GREEN, P.C.**

*/s/ Melissa L. Jampol*
Melissa L. Jampol
Elena M. Quattrone
875 Third Avenue
New York, NY 10022
Telephone: (212) 351-4500
mjampol@ebglaw.com
equattrone@ebglaw.com

Carrie Valiant (pro hac vice)
1227 25th Street NW, Suite 700
Washington, DC 20037
Telephone: (202) 861-0900
cvaliant@ebglaw.com


*Attorneys for Community Mobile Testing*


**ABELL ESKEW LANDAU LLP**

*/s/ David M. Eskew*

David M. Eskew
Scott R. Landau
Scott Glicksman
256 Fifth Avenue, 5th Floor
New York, NY 10001
Telephone: (646) 970-7340
deskew@aellaw.com
slandau@aellaw.com
sglicksman@aellaw.com

*Attorneys for Moshe Landau*

December 16, 2024

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* RESOLUTE3 LLC, <br><br> Plaintiff, <br><br> v. <br><br> LABQ CLINICAL DIAGNOSTICS, LLC, *et al.*, <br><br> Defendants. | 22 Civ. 751 (LJL) |
| UNITED STATES OF AMERICA *et al.*, *ex rel.* NJ CHALLENGER LLC, <br><br> Plaintiffs, <br><br> v. <br><br> LABQ CLINICAL DIAGNOSTICS LLC, *et al.*, <br><br> Defendants. | 22 Civ. 10313 (LJL) |
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> LABQ CLINICAL DIAGNOSTICS, LLC; COMMUNITY MOBILE TESTING, INC.; DART MEDICAL LABORATORY, INC.; and MOSHE LANDAU, <br><br> Defendants. | 22 Civ. 751 (LJL) <br> 22 Civ. 10313 (LJL) <br><br> **NON-DISCLOSURE AGREEMENT** |

LEWIS J. LIMAN, United States District Judge:

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney

from whom I received it, or upon permission of the producing party, destroy such discovery information.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____                    _____