```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
UNITED STATES OF AMERICA et al.,                                 :
                                                                 :
                          Plaintiffs,                            :
                                                                 :       22-cv-10313 (LJL)
              -v-                                                :       22-cv-00751 (LJL)
                                                                 :
LABQ CLINICAL DIAGNOSTICS, LLC et al.,                           :
                                                                 :              ORDER
                          Defendants.                            :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/24/2025

LEWIS J. LIMAN, United States District Judge:

On June 6, 2025, the Court ordered the parties to confer regarding which motions to seal remain unresolved, and, of those, which still require resolution. Dkt. No. 548. By letter, the Government informed the Court on June 13, 2025, that the following sealing motions no longer require resolution:

| **Abandoned Sealing Motions** | | **Documents to Unseal** | |
|---|---|---|---|
| Dkt. No. 22-cv-10313 | Dkt. No. 22-cv-751 | Dkt. No. 22-cv-10313 | Dkt. No. 22-cv-751 |
| 304 | 255 | 306 | 257 |
| 319 | 265 | 320 | 266 |
| 350 | 280 | 351 | 281 |

The Government continues to press its motion at Dkt. No. 229 to retain Dkt. No. 233 ("Supplemental Declaration of Karen Lowe") under seal. The sealed declaration contains confidential patient information reviewed by Lowe, a Lead Program Analyst within the U.S. Department of Health and Human Services. *See* Dkt. No. 233 ¶ 3. A redacted version of the Supplemental Lowe declaration is filed at Dkt. No. 232, with the patient name, date of birth, and

address redacted. There is a presumption of immediate public access to judicial documents under both the common law and the First Amendment. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006). However, because "parties have a strong privacy interest in their medical information," *Spring v. Allegany-Limestone Central School Dist.*, 2021 WL 4166628, at *1 (W.D.N.Y. Sept. 14, 2021) (collecting cases), courts have generally concluded that "the need to keep personal health information confidential outweighs the presumption in favor of public access to court records," *California Spine and Neurosurgery Inst. v. UnitedHealthcare Co.*, 2021 WL 1146216, at *3 (N.D. Cal. Feb. 12, 2021) (collecting cases). Accordingly, the Government's request at Dkt. No. 229 to retain Dkt. No. 233 under seal is granted.

Defendant Yampola 2022 Charitable Lead Annuity Trust ("YCLAT") continues to press its motion at Dkt. No. 332 to redact certain personal email addresses from an attachment to a letter at Dkt. No. 333-1. A redacted version of the attachment redacting the email addresses is available at Dkt. No. 334-1. "Personal and financial information implicate 'significant privacy interests' that overcome the strong presumption of public access." *S.E.C. v. Ripple Labs, Inc.*, 2023 WL 3477552, at *3 (S.D.N.Y. May 16, 2023). Further, the limited redactions will prevent the documents from becoming "a vehicle for improper purposes." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016). If the email addresses of Malka and Moshe Landau were publicly disclosed, they could be used to significantly intrude on the personal privacy interests of both parties and nonparties in this case. *See Robinson v. De Niro*, 2023 WL 3728350, at *1 (S.D.N.Y. May 26, 2023); *Parneros v. Barnes & Noble, Inc.*, 2019 WL 10966199, at *2 (S.D.N.Y. Aug. 16, 2019). Accordingly, YCLAT's motion at Dkt. No. 332 to retain Dkt. No. 333-1 under seal is granted.

3

Accordingly, the Clerk of Court is directed to close Dkt. Nos. 229, 304, 319, 332, and 350 in Case No. 22-cv-10313, and Dkt. Nos. 255, 265, and 280 in Case No. 22-cv-00751.  The Clerk of Court is likewise directed to unseal the corresponding documents in the table above, in both dockets.

SO ORDERED.

Dated: June 24, 2025
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge

3