

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

August 6, 2025

**BY ECF**
Hon. Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: *United States of America v. LabQ Clinical Diagnostics, LLC, et al.*
    No. 22 Civ. 751 (LJL), No. 22 Civ. 10313 (LJL)

Dear Judge Liman:

  We write respectfully to alert the Court that the Government recently discovered that between April and June 2025, Defendants obtained nearly $1.5 million by mortgaging four properties. This new factual information is directly relevant to two motions presently before this Court, both of which are premised on Defendants' purported financial hardship: 1) Defendants' request to extend an interim discovery deadline from July 30, 2025 to August 13, 2025, based on their purported lack of funds to pay their IT vendors (Dkt. 665)[1]; and 2) Defendants' motion for reconsideration of the Court's denial of Plaintiffs' motion seeking to modify the Court's August 2, 2024 Order (the "August 2024 Order") to permit payments of certain expenses not contemplated by the August 2024 Order (Dkt. 591). As described in greater detail below, Defendants previously undisclosed influx of cash undermines both their motions as they have the funds to pay expenses. Moreover, Defendants actions violated the August 2024 Order in two ways: (1) Defendants failed to disclose to the Government their ownership interest in three of the properties in violation of the August 2024 Order; and (2) Defendants mortgaged the fourth property, which *is* subject to a writ of attachment, without the Government's consent also in violation of the August 2024 Order. We notified Defendants of these additional facts yesterday in advance of submitting this letter, but we have not yet received a response.

  As the Government explained to the Court in prior submissions, Defendants acquired at least 25 properties through a web of LLCs that Defendants have repeatedly failed to acknowledge owning, and that the Government only learned of through a third-party subpoena. *See* Dkt. 352 at 5 (explaining that the Government learned of these 25 properties through financial discovery after Defendants omitted them from the list of properties that they own).[2] The August 2024 Order

---

[1] All citations to the docket are to 22 Civ. 10313 (LJL).

[2] The pattern for all 25 is similar. Landau acquired the properties through LLCs (whose names mirror the addresses of the acquired properties). On the corporate formation document for the creation of the LLC, Landau's company Yampola LLC is listed as the member/manager of the

required Defendants to "disclose in writing to the Government each and every real property in which each Defendant has an interest, irrespective of the name on the deed of the property." Dkt. 60 ¶ 9. The Government has asked Defendants to supplement the property list that they provided listing the properties in which they have an ownership interest. Dkt. 352 Ex. 3 (property list produced by Defendants showing Defendants' ownership interests in 86 properties with 84 of them in the names of LLCs and a trust, but omitting these 25 properties (the "Property List")). Yet Defendants have continuously failed to do, attempting to disclaim an ownership interest in these 25 properties.

Defendants' actions from April 2025 through June 2025 undermine their attempt to disclaim ownership over the 25 properties in violation of the disclosure requirement of the August 2024 Order, and undermine the veracity of their submissions to the Court claiming they had no assets to pay a vendor $36,162.39 that purportedly resulted in "lost access to their email server" and "certain cloud-based storage" that rendered Defendants unable to comply with a discovery deadline (Dkt. 665), at the very same time that they raised more than $1.1 million from mortgaging their properties. Specially, Defendants mortgaged three of these 25 properties between April and June of 2025, raising $1,119,200 while willfully failing to pay their vendor for work necessary to fulfil basic discovery obligations. On each of the mortgage documents, Moshe Landau signed them as either the sole member and manager, or the member/manager, of these LLCs. A chart summarizing the three mortgages demonstrates these points:

| Address | Mortgage Date | Mortgage Amount | Defendant Signing Mortgage Document |
|---|---|---|---|
| 66 Winding Hill Dr. | June 9, 2025 (Ex. 1) | $380,900 | Moshe Landau as sole member and manager of 66 Winding Hill LLC |
| 196 Winding Hill Dr. | May 21, 2025 (Ex. 2) | $378,300 | Moshe Landau, Sole Member and Manager of 196 Winding Hill LLC |
| 233 Winding Hill Dr. | April 10, 2025 (Ex. 3) | $360,000 | Moshe Landau, Member/Manager of 233 Winding Hill LLC |

Defendants' refusal to pay their vendor to maintain access to critical emails and cloud-storage renders them unable to meet their discovery obligations and smacks of willful disregard of their responsibilities to comply with agreed-to, and Court-ordered, discovery deadlines. Likewise, Defendants' ability to mortgage or sell these 25 properties to raise funds undermines their claim

---

LLC. But for each of these LLCs, in correspondence with the IRS relating to the creation of an Employer Identification Number, Moshe Landau is referenced as the sole member of the LLCs. Dkt. 352 at 5, Ex. 5

that they need an amendment of the August 2024 Order to pay additional expenses not covered by the August 2024 Order. Finally, Moshe Landau's clear ownership and control over these three properties demonstrates that he violated the August 2024 Order by not disclosing his interest in them. Dkt. 60 ¶ 9.[3]

Moreover, in addition to the $1,119,200 that Defendants obtained through mortgaging three properties that are not subject to writs of attachment,[4] Defendants also mortgaged a fourth property that *is* subject to a writ of attachment (Dkt. 268) which they simply disregarded in violation of the August 2024 Order. The mortgage that Defendants secured in April 2025 is of the following property:

| Address | Mortgage Date | Mortgage Amount | Defendant Signing Mortgage Document |
|---|---|---|---|
| 329 Winding Hill Dr. | April 8, 2025 (Ex. 4) | $372,459 | Moshe Landau, Sole Member and Manager of 329 Winding Hill Dr. LLC |

The August 2024 Order provides a process for the Defendants to seek Government consent to subordinate its writs of attachment in order for Defendants to pay Covered Expenses, or for Defendants to seek Court permission for the issuance of liens on a property subject to a writ of attachment if the parties do not reach agreement. August 2024 Order ¶ 3. While the parties have been negotiating the subordination or sale of certain properties subject to writs of attachment in order to pay Defendants' attorney's fees, and had contemplated subordinating the Government's writ of attachment on this property (Dkt. 377), the parties have not yet finalized their agreement to mortgage or sell specific properties to pay attorney's fees. Over this past week, the parties had continued their meet and confer efforts regarding documentation needed by the Government before subordinating or selling a property subject to a writ. And yet without advising the Government in advance, the Defendants mortgaged 329 Winding Hill Drive, which is subject to a writ of attachment, on April 8, 2025, for $372,459. Nor is it clear that the proceeds of the mortgage have been used to pay attorney's fees as intended by the parties (Dkt. 377), since Defendants' counsel continue to maintain that they have not yet been paid through this process.

We thank the Court for its consideration of this letter. As it may impact the Court's consideration of the two currently pending motions, we wanted to bring it to the Court's attention promptly. The Government reserves its right to seek further sanctions based on Defendants'

---

[3] This is not Defendants' first failure to comply with this requirement. *See* Opinion and Order, Dkt. No. 357 at 94 n.25 ("Landau's actions further hindered the Government's ability to collect on a judgment by transferring the Hiawatha Boulevard property from his own name to another LLC without disclosing the true ownership of the property to the Government despite being required to do so by order of this Court.").

[4] The Government was not aware of these 25 properties not included on the Property List when the Government moved for prejudgment remedies.

violations of the August 2024 Order.

          Respectfully submitted,

          JAY CLAYTON
          United States Attorney for the
          Southern District of New York

By: /s/ Lawrence H. Fogelman
    RACHAEL DOUD
    LAWRENCE H. FOGELMAN
    CHARLES S. JACOB
    MOLLIE KORNREICH
    DANIELLE J. MARRYSHOW
    Assistant United States Attorneys
    86 Chambers Street, 3rd Floor
    New York, NY 10007
    Telephone: (212) 637-2800
    Email: rachael.doud@usdoj.gov
           lawrence.fogelman@usdoj.gov
           charles.jacob@usdoj.gov
           mollie.kornreich@usdoj.gov
           danielle.marryshow@usdoj.gov

cc: Counsel of Record (by ECF)