UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__8/13/2025__
```

-----------------------------------------------------------------------X
                            :

UNITED STATES OF AMERICA et al.,        :

                  Plaintiffs,    :

                            :       22-cv-10313 (LJL)
         -v-                   :       22-cv-00751 (LJL)

                            :

LABQ CLINICAL DIAGNOSTICS, LLC et al.,  :

                            :           ORDER
           Defendants.    :

                            :
-----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      This Order memorializes the Court's ruling made on the record today, August 13, 2025.

      The motion of the United States of America, pursuant to Federal Rule of Civil Procedure 37(a)(1) to compel Defendants LabQ Clinical Diagnostics, LLC ("LabQ"), Dart Medical Laboratory, Inc. ("Dart"), Community Mobile Testing, Inc. ("CMT"), and Moshe Landau ("Landau," and collectively, "Defendants") to produce: (1) non-privileged phone-based text communications  (i.e., text messages) for Defendants' employees as set forth in Exhibit A to the Government's letter of August 8, 2025, that are responsive to the Government's Requests for Production; and (2) a data dictionary for the data fields on their internal database and set forth in Exhibit A to the Government's letter of August 8, 2025, *see* Dkt. No. 673, is granted as unopposed.  Defendants shall produce the text messages for the employees set forth in Exhibit A by October 1, 2025 and shall produce the data dictionary by August 30, 2025.

      The motion of the United States to take two depositions of Moshe Landau pursuant to Federal Rule of Civil Procedure 30(b)(1), one with respect to financial discovery and a second with respect to the merits, also is granted.  Federal Rule of Civil Procedure 30(a)(2)(A)(ii) requires leave of court to take a deposition of a person who has already been deposed in the case.

*See* Fed. R. Civ. P. 30(a)(2)(A)(ii).  This Court has "discretion to make a determination which is fair and equitable under all the relevant circumstances."  *United States v. Prevezon Holdings, Ltd.*, 320 F.R.D. 112, 114–15 (S.D.N.Y. 2017) (quoting *Ganci v. U.S. Limousine Serv., Ltd.*, 2011 WL 4407461, at *2 (E.D.N.Y. Sept. 21, 2011)).  "'The Court must allow' an additional deposition 'if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination,' and if such additional time is 'consistent with Rule 26(b)(1) and (2).'"  *Lyons v. New York Life Ins. Co.*, 2021 WL 2981586, at *1 (S.D.N.Y. July 15, 2021) (quoting Fed. R. Civ. P. 30(d)(1)).  Courts consider the follow factors: "(1) whether the second deposition of the witness would be unnecessarily cumulative; (2) whether the party requesting the deposition has had other opportunities to obtain the same information; and (3) whether the burden of a second deposition outweighs its potential benefit."  *Hedgeye Risk Mgmt., LLC v. Dale*, 2023 WL 4235768, at *4 (S.D.N.Y. June 28, 2023) (quoting *Prevezon*, 320 F.R.D. at 115).

Defendants do not object to a deposition on financial discovery but suggest that Defendants' accountant is a more appropriate witness than Landau himself.  Dkt. No. 682.  But Landau is the individual with the most direct percipient knowledge of the financial transactions with respect to which the United States seeks discovery.  It also appears that, of the Defendants, he has the greatest financial interest in those transactions.  The two depositions will not be cumulative—they cover different subjects and, for the most part, different time periods.  This is a complex case.  There is reason to believe that the necessary questioning could not be accomplished through a single deposition of seven hours and, in addition, there is an interest in the financial discovery deposition being conducted before the parties would be ready for the

merits deposition.  There is no reason to believe that the two depositions would be oppressive or are sought to cause annoyance or embarrassment.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 673.


SO ORDERED.


Dated: August 13, 2025
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge