```
                                                        USDC SDNY
                                                        DOCUMENT
UNITED STATES DISTRICT COURT                            ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                           DOC #:_____
-----------------------------------------------------------------X      DATE FILED: 11/19/2025
                                                   :
UNITED STATES OF AMERICA et al.,                   :
                                                   :
                        Plaintiffs,                :
                                                   :    22-cv-10313 (LJL)
            -v-                                    :    22-cv-00751 (LJL)
                                                   :
LABQ CLINICAL DIAGNOSTICS, LLC et al.,             :         ORDER
                                                   :
                        Defendants.                :
                                                   :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

This order resolves the motions to seal at Dkt. Nos. 743, 763, and 767, and Defendants' letter motion for leave to file unredacted motion papers at Dkt. No. 784.

"The Supreme Court and Second Circuit have long held that there is a presumption of immediate public access to judicial documents under both the common law and the First Amendment." *Lohnn v. Int'l Bus. Machs. Corp.*, 2022 WL 36420, at *6 (S.D.N.Y. Jan. 4, 2022) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006)). Moreover, the "Second Circuit and courts within it have repeatedly found sealing improper where the relevant material was already made public." *Shetty v. SG Blocks, Inc.*, 2021 WL 4959000, at *4 (E.D.N.Y. Oct. 26, 2021) (collecting cases); *see also Robinson v. De Niro*, 2023 WL 3728350, at *3 (S.D.N.Y. May 26, 2023).

The Court made the affirmative decision *sua sponte* that the privacy interests its family possessed in connection with Defendants' motion for change of venue, and alternatively judicial disqualification, were outweighed by the public interest in understanding the basis for Defendants' motion and the Court's decision that neither a change of venue nor recusal was

warranted in this case. "The test for recusal is whether an objective observer who is fully informed about the underlying facts would significantly doubt that just could be done absent my recusal." *Thorpe v. Zimmer, Inc.*, 590 F. Supp. 2d 492, 494 (S.D.N.Y. 2008). It follows that the Court must "advise the parties of all the relevant facts" and thus that the parties must also be free to disclose those facts. *Id.* at 494. The Court therefore disclosed the visits the Court and members of the Court's family made to LabQ facilities, including the dates of those visits. That information was disclosed publicly during argument on the motion and in the Court's opinion. *See* Dkt. No. 778 at 4:19–6:3; *United States v. LabQ Clinical Diagnostics*, 2025 WL 3136824, at *13–14 (S.D.N.Y. Nov. 10, 2025). There is and was no reason for that information to be hidden. Accordingly, the Court orders Dkt. Nos. 708, 744, 744-1, and 744-2 unsealed.

There is only one category of information that arguably warrants continued sealing. The information filed by Defendants includes the location of the testing sites where tests were administered. That information contained in Dkt. Nos. 709, 709-1, and 764 arguably raises questions of personal safety in addition to privacy. It also does not appear pertinent to the question of the Court's alleged partiality or to an understanding of the Court's decision. Accordingly, Defendants shall show cause by November 21, 2025, why that information should be unsealed. In the absence of a filing by that date, the Court will direct that Dkt. Nos. 709, 709-1, and 764 be filed with addresses redacted and with all other redactions removed.

The Clerk of Court is respectfully directed to unseal Dkt. Nos. 708, 744, 744-1, and 744-2.

The Clerk of Court is respectfully directed to close Dkt. Nos. 743, 763, 767, 784.

SO ORDERED.

Dated: November 19, 2025
       New York, New York

                                                LEWIS J. LIMAN
                                         United States District Judge