USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/26/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                        :

UNITED STATES OF AMERICA et al.,         :
                        :

          Plaintiffs,         :
                        :       22-cv-10313 (LJL)

     -v-                   :       22-cv-00751 (LJL)
                        :

LABQ CLINICAL DIAGNOSTICS, LLC et al.,   :       ORDER

         Defendants.      :
                        :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

The Government moves for an order compelling transferee-defendants Congregation Kolel Vyashkem Avrhom Inc. (the "Congregation") and NJJ Institutions ("NJJ") to provide verified interrogatory responses in response to the Government's interrogatories and to produce documents in response to the Government's requests for production of documents.  Dkt. No. 849.

The Government served interrogatories and document requests on the Congregation on October 9, 2025.  Dkt. No. 849-1.  It served interrogatories and documents requests on NJJ on November 7, 2025.  Dkt. No. 849-2.   The Congregation responded on November 24, 2025.  Dkt. No. 849-3.  It objected to every interrogatory and document request with the same boilerplate response.  *Id.*  NJJ responded to the interrogatories and document requests on  December 19, 2025.  Dkt. No. 849-4.  With a single exception, it lodged the same boilerplate objection (and same objection lodged by the Congregation) to every interrogatory.  *Id.*  It agreed to produce certain documents (board minutes and corporate formation documents, bylaws and applications to operate as a not-for-profit entity, bank records, credit card statements, documents regarding transactions with Moshe Landau and identities of board members) but lodged boilerplate

objections to other requests.  *Id.*  No documents or interrogatory responses have been provided to date.  Dkt. Nos. 849, 850.

The Congregation and NJJ admit that they have not answered the interrogatories or produced documents.  Dkt. No. 850 at 1.  They blame the failure to do so on the "financial constraints created by the pending (and ultimately entered) prejudgment writ."  *Id.*  But they admit that such "business-related issues" do not give them license to ignore their discovery obligations.  *Id.*[1]  While the Government asks for the Court to set a deadline of March 2, 2026, Dkt. No. 849, the Congregation and NJJ ask for a deadline of March 8, 2026 to provide all responsive documents and sworn interrogatory answers that are not subject to objection, Dkt. No. 850 at 2.

Federal Rule of Civil Procedure 34(b)(2)(B) requires that "[f]or each item or category [of documents requested], the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."  Fed. R. Civ. P. 34(b)(2)(B); *see Cambridge Cap. LLC v. Ruby Has LLC*, 2022 WL 889143, at *5 (S.D.N.Y. Mar. 24, 2022).  "Boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy, while producing no documents and answering no interrogatories are a paradigm of discovery abuse."  *Pegoraro v. Marrero*, 281 F.R.D. 122, 128–29 (S.D.N.Y. 2012) (cleaned up).  "[R]esponses to requests . . . stating that the requests are 'overly broad and unduly burdensome' is meaningless boilerplate. Why is it burdensome? How is it overly broad?"  *Fischer v. Forrest*, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017).  "[A] litigant's 'failure to respond or object to a discovery request in a timely

---

[1] In any event, that argument rings somewhat hollow in light of the lack of urgency that defendants apparently have exhibited with respect to their motion to release the writs.  *See* Dkt. No. 847 (requesting adjournment of oral argument on the motion to release the writs).

2

manner' waives any objection that may have been available." *Barbera v. Grailed, LLC*, 2024 WL 4836616, at *1 (S.D.N.Y. Nov. 20, 2024) (quoting *UBS Int'l Inc. v. Itete Brasil Instalacoes Telefonicas Ltd.*, 2010 WL 743371, at *3 (S.D.N.Y. Feb. 24, 2010)); *accord Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 163 (S.D.N.Y. 2011) (collecting cases).

The responses of the Congregation and NJJ are boilerplate. The Court has scheduled a hearing in this case for March 9, 2026. Dkt. No. 848. Accordingly, by no later than March 6, 2026, the Congregation and NJJ are ordered to provide verified interrogatory responses to each of the interrogatories at Dkt. Nos. 849-1 and 849-2, and to produce all documents responsive to each of the document requests at Dkt. Nos. 849-1 and 849-2. The Congregation and NJJ need not produce any documents that have already been produced including any bank records that the Government obtained from the defendants or from third-party banks or records previously produced by NJJ.

SO ORDERED.

Dated: February 26, 2026
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge

3